**FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM**

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

**[Fill in the spaces next to the Instructions. Other spaces are for Court use.]**
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------X

CHRISTOPHER KRAFCZEK, on behalf of himself and
all other similarly situated,

**[2. Fill in name(s)]**      Plaintiff(s)

-against-

CABLEVISION SYSTEMS CORPORATION and NEPTUNE
HOLDINGS US CORP, d/b/a ALTICE USA,

**[3. Fill in name(s)]**      Defendant(s)

-----------------------------------------------------------X

**[1. Index No. & Year]**
Index No.

_____/_____
SUMMONS

Date Index No.
Purchased _____
**[4. Fill in date]**

To the Person (s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within twenty (20) days after the service of this Summons (not counting the day of service itself), or within thirty(30) days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

**[5. Date and County papers are signed in]**

Dated: __3/30/2017_____

County: __Hillsborough County, FL_____

*Marisa Glassman*
**[6. Your Signature]**

Marisa K. Glassman
**[7. Your Name]**
201 N. Franklin Street, 7th Floor
**[8. Your Address]**
Tampa, FL 33602
**[9. City, State & Zip Code]**

813-318-5174
**[10. Your Phone Number]**

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 602715/2017
RECEIVED NYSCEF: 03/30/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------X

CHRISTOPHER KRAFCZEK, on behalf of
himself and all others similarly situated,        :

                              :

                    Plaintiff,          :

          -against-                :

CABLEVISION SYSTEMS CORPORATION        :
and NEPTUNE HOLDINGS US CORP. d/b/a      :
ALTICE USA,                       :

                              :

                    Defendants.         :

-------------------------------------------------------------X

Index No.

**CLASS ACTION COMPLAINT**

Plaintiff, Christopher Krafczek ("Plaintiff"), individually and on behalf of all persons

similarly situated, alleges the following based upon personal knowledge (as to all facts related to

himself) and information and belief (as to all other matters) against Defendants Cablevision

Systems Corporation ("Cablevision") and Neptune Holdings US CORP. d/b/a Altice USA

("Altice") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1.      This class action case arises from Defendants' deceptive and misleading change

in their billing practices for consumers who cancel their cable, telephone and internet services

and their deceptive and improper notice to consumers about this change.

2.      Defendants provide cable, internet and telephone services in the New York

metropolitan area under the Optimum brand name.

3.      In June 2016, Altice completed its acquisition of Cablevision, forming a new

telecommunications giant in the United States.  The new Altice USA is one of the largest

broadband providers in the country.

1

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 602715/2017
RECEIVED NYSCEF: 03/30/2017

4.     Following this acquisition, Defendants changed their billing practices so that they could increase profits by charging consumers for services that they attempted to cancel.

5.     Starting on October 10, 2016, Defendants changed their billing practice to make consumer cancellations effective on the last day of their then-current billing cycle. Prior to this change, a consumer's cancellation was effective on the date of the actual cancellation. With Defendants' new billing practice, consumers are billed for the entirety of their then-current billing period even if they cancel their service and return their equipment before the end of their then-current billing period.

6.     Defendants informed consumers about this change in billing practice only by including limited misleading language buried in select billing statements. Defendants did not provide separate written notice to consumers about this change.

7.     Plaintiff was enrolled in Defendants' telephone, cable and internet services. Like members of the Class, Plaintiff canceled his services and returned his equipment before the end of his then-current billing period, but was nevertheless charged and paid for all services through the end of his then-current billing period.

8.     Defendants deceptively changed their billing practices to increase profits on the backs of consumers and failed to provide proper notice to consumers. This lawsuit seeks restitution for customers who cancelled their Optimum services, but were nevertheless charged and paid for the entire month without proper notice that these fees would be charged.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction under Civil Practice Law and Rules ("CPLR") § 301.

10.    Venue is appropriate under CPLR § 503 in that Defendants' principal offices are located in this County.

2

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

## PARTIES

11.     Plaintiff is an individual who, at all relevant times, was a citizen of the state of New York. He enrolled in Defendants' telephone, cable and internet services from December 2014 until December 3, 2016, when he canceled his services and returned all of his equipment.

12.     Defendants Cablevision Systems Corporation ("Cablevision") has a principal place of business located at in Bethpage, New York. Cablevision provides telecommunication services, including television, internet and phone services. Cablevision serves customers in the New York metropolitan area under its Optimum brand name. Cablevision is 100% directly owned by Altice.

13.     Defendants Neptune Holdings US Corp. d/b/a Altice USA ("Altice") has a principal place of business located in Bethpage, New York.

## BACKGROUND FACTS

14.     Plaintiff enrolled in Defendants' Optimum television, internet and phone services in or around December 2014.

15.     Around this same time, Plaintiff also enrolled in Defendants' automatic payment option.

16.     Plaintiff received a monthly bill for all three services to his home address. He did not receive any e-mail communications from Defendants. [1]

17.     Plaintiff did not make any changes to the services he received or his automatic payment until December 3, 2016.

18.     On December 3, 2016, Plaintiff started with a different telephone, internet and phone service provider. That same day, Plaintiff's wife returned all of their equipment to the

---

[1] On his monthly billing statements, Defendants incorrectly spelled Plaintiff's last name as Krafezek. Defendants' customer portal also listed an incorrect e-mail address for Plaintiff.

3

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 602715/2017
RECEIVED NYSCEF: 03/30/2017

Defendants' store located at 1104 Route 109 Lindenhust, NY 11757. At that time, she was informed that Plaintiff would be billed for all services until December 22, 2016—the last day of Plaintiff's then-current billing cycle.

19.     Plaintiff did not understand why or how Defendants could continue to charge him for services in which he was no longer enrolled and was no longer receiving. Plaintiff went to Defendants' store and was informed by an employee that starting on October 10, 2016, consumers were required to pay for an entire billing cycle, even if they cancelled your services prior to the close of the billing cycle.

20.     The employee at Defendants' Lindenhurst store told Plaintiff to look at his September bill, but did not otherwise provide any type of written notice to Plaintiff about the change in Defendants' billing practice.

21.     Under "Optimum Updates" Plaintiff's September bill provides that "Effective October 10, 2016, service cancellations become effective on the last day of the then-current billing period. Optimum services remain available to you for the full billing period and there are no partial credits or refunds of monthly charges already billed."

22.     Plaintiff's August bill included this same language under the heading "Optimum Updates." However, Plaintiff's prior bills did not include language about the change in Defendants' billing practices.

23.     Plaintiff's October 2016 bill did not include any language relating to the change in Defendants' billing practice.

24.     Plaintiff's November bill only included on the last page of the bill, under the heading "Billing Information" that "You're billed each month in advance of the next month's

4

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

services. Service cancellations are effective on the last day of the then-current billing period"
and directed consumers to a website "for more details."

25.     Plaintiff did not receive any other written notice of Defendants' change in billing
practices.

26.     Had Plaintiff known that he would be required to pay through the end of his
billing cycle, he would have waited until the last day of his billing period to cancel his service
and return his equipment, or he would have cancelled his service prior to Defendants' change in
billing practice taking effect.

27.     Other consumers have also complained about Defendants' change in its billing
practice. Two consumers in New Jersey cancelled their service only to find out that they would
nevertheless be responsible for all charges through the end of their then current billing cycles.
As one consumer explained "They constantly send me emails to try and get me to upgrade my
services but when it came to this, they just buried it (a notice changing Optimum's terms) in their
bill."[2]

28.     A spokesperson from Altice, responded that the company "informed customers of
the change in several monthly statements."[3]

29.     There are also numerous complaints on social media sites from consumers who
terminated their services and did not know that they would be charged for the entirety of their
then-current billing period. For example consumers have stated:

> • "I recently switched cable TV, phone and internet providers. I returned all of my
> Optimum equipment on 2-22-17 and asked the woman to terminate my service.
> She said ok and asked me if I was moving or switched providers. I stated that I

---

[2] Optimum Disconnect May Cost You More, Dave P. Willis, Nov. 2, 2016, Asbury Park Press,
available at http://www.app.com/story/money/business/consumer/press-on-your-
side/2016/11/01/optimum-cablevision-altice/93072666/ (last checked February 28, 2017).
[3] Id.

5

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

switched providers. She handed me a receipt for the equipment and I asked if my service was cancelled and she stated "yes", never mentioning the end of cycle policy. The following day I received an email from Optimum stating that my service was cancelled effective March 15, 2017 and that I would be billed until then. I reached out to Optimum customer service who stated that this was their new policy that they only cancel service at the end of a billing cycle. I stated that I was unaware of this new policy and that I shouldn't have to pay for something for an additional 21 days that I wasn't using. Basically I was told there was nothing I could do about it and nobody could help me further."[4]

- "Scam artists: Unhappy with Optimum for their high rates and slow internet service despite the speed I was paying for but never got. Called to disconnect on Oct 10 and they say I have to pay thru Nov 8 and that the last bill cannot be prorated even though their service was disconnected from my house on Oct 13 and Verizon put in place. They claim this policy of paying for a FULL billing cycle regardless of when you disconnected and no longer had their service was a result of a policy change that supposedly came in fine print on your regular bill online. I did not see this, and I did not agree to this change."[5]

- "I've been a customer of Optimum/Cablevision for 20 years and called today to get my service disconnected and was told I will be charged through the end of my billing cycle of March 14, which is 3 weeks from now. Optimum does not service my new house and I will be unable to use my billed service through March 14, 2017."[6]

- "Same complaint as many others. We cancelled service on February 2nd, and returned all equipment on February 3rd. Optimum is still trying to charge us until the end of the month! Charging for services not rendered. Isn't this illegal?"[7]

- "I have a similar story as many of the previous posts. After raising my rate by 25%, I cancelled my service and switched to FIOS. Unbeknownst to me was that Optimum unilaterally changed their billing policy after the Altice takeover in Oct 2016 to make their customers responsible for the entire month's bill, regardless of when in the cycle the customer cancelled. I was only 4 days into the next billing cycle and am being billed for the entire month (they did however, prorate only the small telephone portion of the bill, probably because of local laws). I got nowhere pleading my case to two different Optimum reps on the phone and one was very sympathetic, but said that they are forbidden from doing anything about it. I even wrote a letter appealing to their sense of fairness and got back a very impersonal

---

[4] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated February 23, 2017).

[5] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated January 28, 2017).

[6] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated February 22, 2017).

[7] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated March 18, 2017).

6

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 602715/2017
RECEIVED NYSCEF: 03/30/2017

form letter just reiterating that the charges are correct. I was not disputing whether or not they were correct. I was questioning if they were fair and reasonable!"[8]

30.     The Compilation of Codes, Rules and Regulations of the State of New York provides that "[e]very cable television company shall provide notice to subscribers of its billing practices and payment requirements." "Notice shall be in the *form of a separate written notice and shall be provided*" . . . "to all subscribers at least 30 days in advance of any significant change in such billing practices or payment requirements" and "to any subscriber upon request." N.Y. Comp. Codes R. & Regs. tit. 16, § 890.80 (emphasis added).

31.     Earlier sections of Part 890 "Customer Service and Consumer Protection Standards" detail the requirements for billing practices and billing formats for cable television providers. Section 890.80 is specific to "Subscriber Notices."

32.     Not only did Defendants deceptively change their billing practices to collect money from consumers for services that they cancelled and do not receive, but their conduct was also deceptive in that they failed to provide separate written notice to consumers and instead included limited misleading language about the change in billing practices in select billing statements.

33.     Plaintiff, like Class members, was charged and paid for fees for services he canceled and did not receive.

## CLASS ALLEGATIONS

34.     Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to Article 9 of the CPLR and seeks certification of the following Class and New York Subclass (collectively, "Class"):

---

[8] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated March 13, 2017).

7

**FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM**

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

**Optimum Subscriber Cancellation Class**: All people who subscribed to Defendants' Optimum services prior to October 10, 2016 and who have cancelled their services before the end of their then-current billing cycle, but who were charged for and paid Defendants for the entire then-current billing period.

**New York Optimum Subscriber Subclass**: All people in New York who subscribed to Defendants' Optimum services prior to October 10, 2016 and who have cancelled their services before the end of their then-current billing cycle, but who were charged for and paid Defendants for the entire then-current billing period.

The class does not include Defendants, or its officers, directors, agents, or employees, or the members of the judiciary to whom this case is assigned, nor the members of their respective staffs.

35.     The case is properly brought and should be maintained as a class action under Article 9 of the CPLR, satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

36.     *Numerosity:* Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are hundreds to thousands of consumers who are Class Members described above who have been damaged by Defendants' deceptive and misleading practices.

37.     *Commonality:* The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a.  Whether Defendants are responsible for the conduct alleged herein which was uniformly directed at all consumers who canceled their Optimum services;

b.  Whether Defendants' misconduct set forth in this Complaint demonstrates that Defendants have engaged in unfair, fraudulent, or unlawful business practices with respect to their change in billing practices for consumers who canceled their services;

c.  Whether Defendants' misconduct set forth in this Complaint demonstrates that

8

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 602715/2017
RECEIVED NYSCEF: 03/30/2017

Defendants have engaged in unfair, fraudulent, or unlawful business practices with respect to its notice to consumers about their change in billing practices for consumers who canceled their services;

d.  Whether Plaintiff and the Class are entitled to injunctive relief;

e.  Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

38.     *Typicality:* Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and paid fees to Defendants for services that he had terminated. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

39.     *Adequacy:* Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent; his consumer fraud claims are common to all members of the Class and he has a strong interest in vindicating his rights; he has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and his counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

40.     The case is properly brought and should be maintained as a class action under Article 9 of the CPLR because a class action is superior to traditional litigation of this controversy. Pursuant to Article 9, common issues of law and fact predominate over any other

9

**FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM**

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' deceptive and misleading practices. In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy.

41. _Superiority:_ A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c. When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h. Class Members' interests in individually controlling the prosecution of separate actions is

10

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

outweighed by their interest in efficient resolution by single class action; and

i. It would be desirable to concentrate in this single venue the litigation of all plaintiffs who paid fees due to Defendants' unfair and misleading conduct.

42. Accordingly, this Class is properly brought and should be maintained as a class action under Article 9 of the CPLR because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## COUNT ONE VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
### (On Behalf of Plaintiff and the Subclass)

43. Plaintiff adopts and incorporates paragraphs 1-42 of this complaint as if stated fully herein.

44. Plaintiff brings this claim on his own behalf and on behalf of each member of the New York Subclass.

45. New York's Consumer Fraud Statute prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349.

46. Defendants engaged in consumer-oriented conduct by deceptively and misleadingly charging and collecting fees for cable, telephone and internet services.

47. In the course of providing Optimum telephone, cable and internet services to residential customers, including Plaintiff and members of the Class, Defendants deceptively changed their billing practices in connection with the termination of services, for the benefit of Defendants and to the detriment of Plaintiff and Class Members.

48. As noted above, Defendants changed their billing practice to charge for and collect fees for services that consumers cancelled and no longer wanted to receive.

11

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

49.    Defendants not only deceptively changed its billing practice, but it deceptively failed to provide separate written notice to consumers about the change in its billing practice and instead included limited misleading language about the change in billing practices in select billing statements.

50.    Defendants' change in its billing practice and failure to provide a separate written notice to consumers was likely to mislead a consumer acting reasonably under the circumstances. Consumers do not expect to pay for services that they cancel and consumers expect to receive clear written notice that is not buried in their monthly billing statements when Defendants change their billing practices.

51.    As a result, Plaintiff and Class members have suffered harm in the form of increased fees resulting from being charged for services that they had terminated.

52.    Defendants' violations of N.Y. Gen. Bus. Law § 349 have at all times been knowing and willful.

53.    There is no adequate remedy at law.

54.    Plaintiff seeks all appropriate relief under GBL § 349, including recovery of actual damages or $50, whichever is greater; discretionary treble damages up to $1,000; punitive damages; attorneys' fees and costs; an order enjoining Defendants' deceptive conduct; and any other just and proper relieve available.

## COUNT TWO UNJUST ENRICHMENT
### (On Behalf of Plaintiff and All Class Members in the Alternative)

55.    Plaintiff adopts and incorporates paragraphs 1-40 of this complaint as if stated fully herein.

56.    Plaintiff, on behalf of himself and consumers nationwide, brings a common law claim for unjust enrichment.

12

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

57.     Plaintiff and all other Class members conferred benefits on Defendants by paying Defendants for services that they had cancelled and equipment that they had returned.

58.     Defendants knowingly and willfully accepted monetary payment from Plaintiff and Class members.

59.     Under the circumstances described herein, it is inequitable for Defendants to retain the monetary benefits derived from Plaintiff and Class members.

60.     By engaging in the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and Class members. Accordingly, it would be contrary to principles of equity and good conscience to permit Defendants to retain any ill-gotten monetary benefits obtained as a result of the actions described herein.

61.     As a result of Defendants' unjust enrichment, Plaintiff and the Class members have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Defendants of the benefit conferred by Plaintiff and Class members.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class, pray for judgment as follows:

a.  Declaring this action to be a proper class action;

b.  designating Plaintiff as the Class representative;

c.  designating Plaintiff's counsel as counsel for the Class;

d.  issuing proper notice to the Class at Defendants' expense;

e.  awarding restitution and disgorgement of Defendants' revenues obtained by means of any wrongful act or practice to Plaintiff and the Class;

f.  awarding actual, statutory, and punitive damages and interest to Plaintiff and the Class;

13

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

g. awarding reasonable attorneys' fees, costs, and expenses to the full extent the law permits

   to Plaintiff and the Class; and

h. for all other and further relief this Court may deem just and proper.


**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**

*/s/ Marisa Glassman*
Marisa K. Glassman (NY Bar No. 4855599)
John A. Yanchunis (Florida Bar No. 324681) [*to be
admitted pro hac vice*]
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
mglassman@forthepeople.com
jyanchunis@forthepeople.com

*(Attorneys for Plaintiffs)*

14

# RETURN OF SERVICE

| State of New York | County of Nassau | Supreme Court |
|---|---|---|

Index Number: 2017 602715
Date Filed: 3/30/2017

IST2017001096

Plaintiff:
**CHRISTOPHER KRAFCZEK**
vs.
Defendant:
**CABLEVISION SYSTEMS CORPORATION and NEPTUNE HOLDINGS U.S. CORP D/B/ A ALTICE USA**

For: Marisa Glassman
Morgan & Morgan

Received by Investigative Services Of Tampa on the 7th day of April, 2017 at 11:11 am to be served on **NEPTUNE HOLDINGS U.S. CORP. D/B/A ALTICE USA C/O CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NY 12207.** I, _____ _____, do hereby affirm that on the _____ day of _____, 20___ at ___:____.m., executed service by delivering a true copy of the **Summons and Complaint** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____.

( ) CORPORATE SERVICE: By serving _____ as _____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____

Under penalty of perjury, I declare that I have read the foregoing and that facts in it are true and correct. Pursuant to F.S. 92.525 (2) I have no interest in the above action and no notary is required.

_____

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Investigative Services Of Tampa**
**P. O. Box 272638**
**Tampa, FL 33688**
**(813) 964-9159**

Our Job Serial Number: 2017001096

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1h

## Investigative Services Of Tampa

**Priority:  STANDARD**                    **Field Sheet #2017001096**

Received: 4/7/2017 at 11:11 am
**Court Date:**          **Filed: 3/30/2017**

**SERVE:**
**Work:  NEPTUNE HOLDINGS U.S. CORP. D/B/A ALTICE USA C/O CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NY 12207**

**SPECIAL INSTRUCTIONS:**

**Attempts**                    Server:  **OUT OF STATE**

| | Date | Time | Comments |
|---|---|---|---|
| 1. | / | | |
| 2. | / | | |
| 3. | / | | |
| 4. | / | | |
| 5. | / | | |
| 6. | / | | |
| 7. | / | | |
| 8. | / | | |

**Actual Service Info**                    Married?_____
_____  _____   Type:_____  Military?_____  | Miles_____
Served on:_____  As:_____  | Hours_____
Address:_____  | Additional Addr:  1  2  3
Comments:_____  | Courier_____
_____  | Out of Pocket Costs
_____
_____
_____

Age_____  Sex  M  F   Race_____   Height_____  Weight_____   Hair_____
Glasses  Y  N

Case Number:  2017 602715   Nassau  Supreme
Plaintiff                              Defendant
CHRISTOPHER KRAFCZEK                    CABLEVISION SYSTEMS CORPORATION a

Type of Writ: **Summons and Complaint**

I acknowledge receipt of the documents listed above and confirm
that the within-named party is / is not in active military service.

_____
Signature of Recipient

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1h

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

[Fill in the spaces next to the instructions. Other spaces are for Court use.]
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------x

CHRISTOPHER KRAFCZEK, on behalf of himself and
all other similarly situated,
[2. Fill in name(s)]                          Plaintiff(s)

-against-

CABLEVISION SYSTEMS CORPORATION and NEPTUNE
HOLDINGS US CORP. d/b/a ALTICE USA
[3. Fill in name(s)]                          Defendant(s)

-----------------------------------------------------------------x

**[1. Index No. & Year]**
Index No.
                        /
**SUMMONS**

Date Index No.
Purchased _____
**[4. Fill in date]**

To the Person (s) Named as Defendant(s) above:

       PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within twenty (20) days after the service of this Summons (not counting the day of service itself), or within thirty(30) days after service is complete if the Summons is not delivered personally to you within the State of New York.

       YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

**[5. Date and County papers are signed in]**

Dated:  3/30/2017

County:  Hillsborough County, FL

*Marisa Glassman*
**[6. Your Signature]**

  Marisa K. Glassman
**[7. Your Name]**
  201 N. Franklin Street, 7th Floor
**[8. Your Address]**
  Tampa, FL 33602
**[9. City, State & Zip Code]**

  813-318-5174
**[10. Your Phone Number]**

**FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM**
NYSCEF DOC. NO. 1

INDEX NO. 602715/2017
RECEIVED NYSCEF: 03/30/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---------------------------------------------------------------X

CHRISTOPHER KRAFCZEK, on behalf of    :
himself and all others similarly situated,

                                :    **Index No.**

          **Plaintiff,**      :

                                :    **CLASS ACTION COMPLAINT**

    -against-               :

CABLEVISION SYSTEMS CORPORATION  :
and NEPTUNE HOLDINGS US CORP. d/b/a
ALTICE USA,                        :

          **Defendants.**    :

---------------------------------------------------------------X

Plaintiff, Christopher Krafczek ("Plaintiff"), individually and on behalf of all persons

similarly situated, alleges the following based upon personal knowledge (as to all facts related to

himself) and information and belief (as to all other matters) against Defendants Cablevision

Systems Corporation ("Cablevision") and Neptune Holdings US CORP. d/b/a Altice USA

("Altice") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1.      This class action case arises from Defendants' deceptive and misleading change

in their billing practices for consumers who cancel their cable, telephone and internet services

and their deceptive and improper notice to consumers about this change.

2.      Defendants provide cable, internet and telephone services in the New York

metropolitan area under the Optimum brand name.

3.      In June 2016, Altice completed its acquisition of Cablevision, forming a new

telecommunications giant in the United States.  The new Altice USA is one of the largest

broadband providers in the country.

1

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

4.      Following this acquisition, Defendants changed their billing practices so that they could increase profits by charging consumers for services that they attempted to cancel.

5.      Starting on October 10, 2016, Defendants changed their billing practice to make consumer cancellations effective on the last day of their then-current billing cycle.  Prior to this change, a consumer's cancellation was effective on the date of the actual cancellation.  With Defendants' new billing practice, consumers are billed for the entirety of their then-current billing period even if they cancel their service and return their equipment before the end of their then-current billing period.

6.      Defendants informed consumers about this change in billing practice only by including limited misleading language buried in select billing statements.  Defendants did not provide separate written notice to consumers about this change.

7.      Plaintiff was enrolled in Defendants' telephone, cable and internet services.  Like members of the Class, Plaintiff canceled his services and returned his equipment before the end of his then-current billing period, but was nevertheless charged and paid for all services through the end of his then-current billing period.

8.      Defendants deceptively changed their billing practices to increase profits on the backs of consumers and failed to provide proper notice to consumers.  This lawsuit seeks restitution for customers who cancelled their Optimum services, but were nevertheless charged and paid for the entire month without proper notice that these fees would be charged.

### JURISDICTION AND VENUE

9.      This Court has jurisdiction under Civil Practice Law and Rules ("CPLR") § 301.

10.     Venue is appropriate under CPLR § 503 in that Defendants' principal offices are located in this County.

2

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 602715/2017
RECEIVED NYSCEF: 03/30/2017

## PARTIES

11.    Plaintiff is an individual who, at all relevant times, was a citizen of the state of New York. He enrolled in Defendants' telephone, cable and internet services from December 2014 until December 3, 2016, when he canceled his services and returned all of his equipment.

12.    Defendants Cablevision Systems Corporation ("Cablevision") has a principal place of business located at in Bethpage, New York. Cablevision provides telecommunication services, including television, internet and phone services. Cablevision serves customers in the New York metropolitan area under its Optimum brand name. Cablevision is 100% directly owned by Altice.

13.    Defendants Neptune Holdings US Corp. d/b/a Altice USA ("Altice") has a principal place of business located in Bethpage, New York.

## BACKGROUND FACTS

14.    Plaintiff enrolled in Defendants' Optimum television, internet and phone services in or around December 2014.

15.    Around this same time, Plaintiff also enrolled in Defendants' automatic payment option.

16.    Plaintiff received a monthly bill for all three services to his home address. He did not receive any e-mail communications from Defendants. [1]

17.    Plaintiff did not make any changes to the services he received or his automatic payment until December 3, 2016.

18.    On December 3, 2016, Plaintiff started with a different telephone, internet and phone service provider. That same day, Plaintiff's wife returned all of their equipment to the

---

[1] On his monthly billing statements, Defendants incorrectly spelled Plaintiff's last name as Krafezek. Defendants' customer portal also listed an incorrect e-mail address for Plaintiff.

3

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

Defendants' store located at 1104 Route 109 Lindenhust, NY 11757. At that time, she was informed that Plaintiff would be billed for all services until December 22, 2016—the last day of Plaintiff's then-current billing cycle.

19.     Plaintiff did not understand why or how Defendants could continue to charge him for services in which he was no longer enrolled and was no longer receiving. Plaintiff went to Defendants' store and was informed by an employee that starting on October 10, 2016, consumers were required to pay for an entire billing cycle, even if they cancelled your services prior to the close of the billing cycle.

20.     The employee at Defendants' Lindenhurst store told Plaintiff to look at his September bill, but did not otherwise provide any type of written notice to Plaintiff about the change in Defendants' billing practice.

21.     Under "Optimum Updates" Plaintiff's September bill provides that "Effective October 10, 2016, service cancellations become effective on the last day of the then-current billing period. Optimum services remain available to you for the full billing period and there are no partial credits or refunds of monthly charges already billed."

22.     Plaintiff's August bill included this same language under the heading "Optimum Updates." However, Plaintiff's prior bills did not include language about the change in Defendants' billing practices.

23.     Plaintiff's October 2016 bill did not include any language relating to the change in Defendants' billing practice.

24.     Plaintiff's November bill only included on the last page of the bill, under the heading "Billing Information" that "You're billed each month in advance of the next month's

4

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

services. Service cancellations are effective on the last day of the then-current billing period"

and directed consumers to a website "for more details."

25.     Plaintiff did not receive any other written notice of Defendants' change in billing

practices.

26.     Had Plaintiff known that he would be required to pay through the end of his

billing cycle, he would have waited until the last day of his billing period to cancel his service

and return his equipment, or he would have cancelled his service prior to Defendants' change in

billing practice taking effect.

27.     Other consumers have also complained about Defendants' change in its billing

practice. Two consumers in New Jersey cancelled their service only to find out that they would

nevertheless be responsible for all charges through the end of their then current billing cycles.

As one consumer explained "They constantly send me emails to try and get me to upgrade my

services but when it came to this, they just buried it (a notice changing Optimum's terms) in their

bill."[2]

28.     A spokesperson from Altice, responded that the company "informed customers of

the change in several monthly statements."[3]

29.     There are also numerous complaints on social media sites from consumers who

terminated their services and did not know that they would be charged for the entirety of their

then-current billing period. For example consumers have stated:

- "I recently switched cable TV, phone and internet providers. I returned all of my
  Optimum equipment on 2-22-17 and asked the woman to terminate my service.
  She said ok and asked me if I was moving or switched providers. I stated that I

---

[2] Optimum Disconnect May Cost You More, Dave P. Willis, Nov. 2, 2016, Asbury Park Press, available at http://www.app.com/story/money/business/consumer/press-on-your-side/2016/11/01/optimum-cablevision-altice/93072666/ (last checked February 28, 2017).
[3] Id.

5

**FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM**

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

switched providers. She handed me a receipt for the equipment and I asked if my service was cancelled and she stated "yes", never mentioning the end of cycle policy. The following day I received an email from Optimum stating that my service was cancelled effective March 15, 2017 and that I would be billed until then. I reached out to Optimum customer service who stated that this was their new policy that they only cancel service at the end of a billing cycle. I stated that I was unaware of this new policy and that I shouldn't have to pay for something for an additional 21 days that I wasn't using. Basically I was told there was nothing I could do about it and nobody could help me further."[4]

- "Scam artists: Unhappy with Optimum for their high rates and slow internet service despite the speed I was paying for but never got. Called to disconnect on Oct 10 and they say I have to pay thru Nov 8 and that the last bill cannot be prorated even though their service was disconnected from my house on Oct 13 and Verizon put in place. They claim this policy of paying for a FULL billing cycle regardless of when you disconnected and no longer had their service was a result of a policy change that supposedly came in fine print on your regular bill online. I did not see this, and I did not agree to this change."[5]

- "I've been a customer of Optimum/Cablevision for 20 years and called today to get my service disconnected and was told I will be charged through the end of my billing cycle of March 14, which is 3 weeks from now. Optimum does not service my new house and I will be unable to use my billed service through March 14, 2017."[6]

- "Same complaint as many others. We cancelled service on February 2nd, and returned all equipment on February 3rd. Optimum is still trying to charge us until the end of the month! Charging for services not rendered. Isn't this illegal?"[7]

- "I have a similar story as many of the previous posts. After raising my rate by 25%, I cancelled my service and switched to FIOS. Unbeknownst to me was that Optimum unilaterally changed their billing policy after the Altice takeover in Oct 2016 to make their customers responsible for the entire month's bill, regardless of when in the cycle the customer cancelled. I was only 4 days into the next billing cycle and am being billed for the entire month (they did however, prorate only the small telephone portion of the bill, probably because of local laws). I got nowhere pleading my case to two different Optimum reps on the phone and one was very sympathetic, but said that they are forbidden from doing anything about it. I even wrote a letter appealing to their sense of fairness and got back a very impersonal

---

[4] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated February 23, 2017).

[5] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated January 28, 2017).

[6] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated February 22, 2017).

[7] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated March 18, 2017).

6

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

form letter just reiterating that the charges are correct. I was not disputing whether or not they were correct. I was questioning if they were fair and reasonable!"[8]

30.     The Compilation of Codes, Rules and Regulations of the State of New York provides that "[e]very cable television company shall provide notice to subscribers of its billing practices and payment requirements." "Notice shall be in the *form of a separate written notice* and shall be provided" . . . "to all subscribers at least 30 days in advance of any significant change in such billing practices or payment requirements" and "to any subscriber upon request." N.Y. Comp. Codes R. & Regs. tit. 16, § 890.80 (emphasis added).

31.     Earlier sections of Part 890 "Customer Service and Consumer Protection Standards" detail the requirements for billing practices and billing formats for cable television providers. Section 890.80 is specific to "Subscriber Notices."

32.     Not only did Defendants deceptively change their billing practices to collect money from consumers for services that they cancelled and do not receive, but their conduct was also deceptive in that they failed to provide separate written notice to consumers and instead included limited misleading language about the change in billing practices in select billing statements.

33.     Plaintiff, like Class members, was charged and paid for fees for services he canceled and did not receive.

## CLASS ALLEGATIONS

34.     Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to Article 9 of the CPLR and seeks certification of the following Class and New York Subclass (collectively, "Class"):

---

[8] https://www.consumeraffairs.com/cable_tv/optimum.html (Complaint dated March 13, 2017).

7

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

**Optimum Subscriber Cancellation Class**: All people who subscribed to Defendants' Optimum services prior to October 10, 2016 and who have cancelled their services before the end of their then-current billing cycle, but who were charged for and paid Defendants for the entire then-current billing period.

**New York Optimum Subscriber Subclass**: All people in New York who subscribed to Defendants' Optimum services prior to October 10, 2016 and who have cancelled their services before the end of their then-current billing cycle, but who were charged for and paid Defendants for the entire then-current billing period.

The class does not include Defendants, or its officers, directors, agents, or employees, or the members of the judiciary to whom this case is assigned, nor the members of their respective staffs.

35.     The case is properly brought and should be maintained as a class action under Article 9 of the CPLR, satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

36.     *Numerosity*: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are hundreds to thousands of consumers who are Class Members described above who have been damaged by Defendants' deceptive and misleading practices.

37.     *Commonality*: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a.   Whether Defendants are responsible for the conduct alleged herein which was uniformly directed at all consumers who canceled their Optimum services;

b.   Whether Defendants' misconduct set forth in this Complaint demonstrates that Defendants have engaged in unfair, fraudulent, or unlawful business practices with respect to their change in billing practices for consumers who canceled their services;

c.   Whether Defendants' misconduct set forth in this Complaint demonstrates that

8

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

Defendants have engaged in unfair, fraudulent, or unlawful business practices with respect to its notice to consumers about their change in billing practices for consumers who canceled their services;

d. Whether Plaintiff and the Class are entitled to injunctive relief;

e. Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

38. *Typicality:* Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and paid fees to Defendants for services that he had terminated. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

39. *Adequacy:* Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent; his consumer fraud claims are common to all members of the Class and he has a strong interest in vindicating his rights; he has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and his counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

40. The case is properly brought and should be maintained as a class action under Article 9 of the CPLR because a class action is superior to traditional litigation of this controversy. Pursuant to Article 9, common issues of law and fact predominate over any other

9

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' deceptive and misleading practices. In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy.

41.    *Superiority:* A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.  The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c.  When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f.  This class action will assure uniformity of decisions among Class Members;

g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h.  Class Members' interests in individually controlling the prosecution of separate actions is

10

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

outweighed by their interest in efficient resolution by single class action; and

i.  It would be desirable to concentrate in this single venue the litigation of all plaintiffs who paid fees due to Defendants' unfair and misleading conduct.

42.     Accordingly, this Class is properly brought and should be maintained as a class action under Article 9 of the CPLR because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## COUNT ONE VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
### (On Behalf of Plaintiff and the Subclass)

43.     Plaintiff adopts and incorporates paragraphs 1-42 of this complaint as if stated fully herein.

44.     Plaintiff brings this claim on his own behalf and on behalf of each member of the New York Subclass.

45.     New York's Consumer Fraud Statute prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349.

46.     Defendants engaged in consumer-oriented conduct by deceptively and misleadingly charging and collecting fees for cable, telephone and internet services.

47.     In the course of providing Optimum telephone, cable and internet services to residential customers, including Plaintiff and members of the Class, Defendants deceptively changed their billing practices in connection with the termination of services, for the benefit of Defendants and to the detriment of Plaintiff and Class Members.

48.     As noted above, Defendants changed their billing practice to charge for and collect fees for services that consumers cancelled and no longer wanted to receive.

11

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

49.     Defendants not only deceptively changed its billing practice, but it deceptively failed to provide separate written notice to consumers about the change in its billing practice and instead included limited misleading language about the change in billing practices in select billing statements.

50.     Defendants' change in its billing practice and failure to provide a separate written notice to consumers was likely to mislead a consumer acting reasonably under the circumstances. Consumers do not expect to pay for services that they cancel and consumers expect to receive clear written notice that is not buried in their monthly billing statements when Defendants change their billing practices.

51.     As a result, Plaintiff and Class members have suffered harm in the form of increased fees resulting from being charged for services that they had terminated.

52.     Defendants' violations of N.Y. Gen. Bus. Law § 349 have at all times been knowing and willful.

53.     There is no adequate remedy at law.

54.     Plaintiff seeks all appropriate relief under GBL § 349, including recovery of actual damages or $50, whichever is greater; discretionary treble damages up to $1,000; punitive damages; attorneys' fees and costs; an order enjoining Defendants' deceptive conduct; and any other just and proper relieve available.

### COUNT TWO UNJUST ENRICHMENT
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

55.     Plaintiff adopts and incorporates paragraphs 1-40 of this complaint as if stated fully herein.

56.     Plaintiff, on behalf of himself and consumers nationwide, brings a common law claim for unjust enrichment.

12

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM          INDEX NO. 602715/2017
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 03/30/2017

57.     Plaintiff and all other Class members conferred benefits on Defendants by paying Defendants for services that they had cancelled and equipment that they had returned.

58.     Defendants knowingly and willfully accepted monetary payment from Plaintiff and Class members.

59.     Under the circumstances described herein, it is inequitable for Defendants to retain the monetary benefits derived from Plaintiff and Class members.

60.     By engaging in the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and Class members. Accordingly, it would be contrary to principles of equity and good conscience to permit Defendants to retain any ill-gotten monetary benefits obtained as a result of the actions described herein.

61.     As a result of Defendants' unjust enrichment, Plaintiff and the Class members have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Defendants of the benefit conferred by Plaintiff and Class members.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class, pray for judgment as follows:

a.  Declaring this action to be a proper class action;

b.  designating Plaintiff as the Class representative;

c.  designating Plaintiff's counsel as counsel for the Class;

d.  issuing proper notice to the Class at Defendants' expense;

e.  awarding restitution and disgorgement of Defendants' revenues obtained by means of any wrongful act or practice to Plaintiff and the Class;

f.  awarding actual, statutory, and punitive damages and interest to Plaintiff and the Class;

13

FILED: NASSAU COUNTY CLERK 03/30/2017 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 602715/2017

RECEIVED NYSCEF: 03/30/2017

g.  awarding reasonable attorneys' fees, costs, and expenses to the full extent the law permits

to Plaintiff and the Class; and

h.  for all other and further relief this Court may deem just and proper.

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

*/s/ Marisa Glassman*
Marisa K. Glassman (NY Bar No. 4855599)
John A. Yanchunis (Florida Bar No. 324681) [*to be*
*admitted pro hac vice*]
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
mglassman@forthepeople.com
jyanchunis@forthepeople.com

*(Attorneys for Plaintiffs)*

14

**Name:**

**Firm:**

**Billing/Mailing
Address:**_____

**Phone #:**_____ **Your Fax #:**_____

**Let This Letter Serve as My Authorization to Charge My Amex/MC/Visa (Initial Here)**

**Card #**_____**Expires**_____**AMOUNT OF** **

**Print Name of Card Holder:**

**Print Complete Billing Address on Credit Card:**

**Signature of Card Holder:**

** Please note: This fee is an estimate only. It is possible to incur additional disbursements in order to complete this order. If so the additional fees will be charged to this credit card.